Case 1:19-cv-00036   Document 202   Filed on 04/13/22 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
April 13, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ROGELIO ROEL BUSTINZA, | § |
| Plaintiff, | § |
| VS. | § CIVIL ACTION NO. 1:19-CV-036 |
| OMAR LUCIO, *et al.*, | § |
| Defendants. | § |

## ORDER AND OPINION

Plaintiff Rogelio Roel Bustinza, proceeding *pro se*, filed this federal civil rights suit after jail officials allegedly retaliated against him for filing grievances. The Court previously dismissed various causes of action that Bustinza alleged. (Order, Doc. 105) Bustinza's lawsuit now concerns two claims: (1) that Defendant Sgt. A. Delgado directed inmates to assault Bustinza because he filed a grievance on behalf of another inmate; and (2) that C.O. Rodriguez directed a shakedown of Bustinza's cell because he filed grievances.

### I.

The Defendants request judgment on the pleadings or, in the alternative, summary judgment as to Bustinza's claims. (Motion, Doc. 175) After ordering the Defendants to produce additional discovery, and considering Bustinza's response in opposition to the Defendants' Motion, a United States Magistrate Judge recommends that the retaliatory-assault claim against Sgt. Delgado be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted, and that summary judgment be granted in favor of C.O. Rodriguez as to the shakedown claim. (R&R, Doc. 192)

### II.

In three separate documents, Bustinza objects to the Report and Recommendation on the grounds that additional discovery will uncover evidence of the Defendants' wrongdoing. (Notice

of Noncompliance by Defendants, Doc. 195; Objections, Doc. 200; Request for Proper Discovery, Doc. 201[1]) Aside from requesting additional discovery, Bustinza does not challenge the analysis or the legal conclusions within the Report and Recommendation. As a result, the Court will consider Bustinza's request for additional discovery *de novo*, and will otherwise review the Report and Recommendation for clear error. *See* FED. R. CIV. P. 72(b)(3).

A party requesting additional discovery in response to a motion for summary judgment must specify how the "additional discovery will defeat the summary judgment motion." *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). "If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment." *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010).

In his pending requests for more discovery, Bustinza seeks sworn statements from the Defendants or "access to docket to recover witness information to testify." (Motion of Notice, Doc. 195, 1) In addition, he claims that video cameras within the detention facility would provide a "trail of evidence" of him "wav[ing] the grievances in front of the camera". (Objections, Doc. 200, 1 (spelling edited)) He contends that the video footage "will prove [that the] Defendants [are] badly lying to [the] Court" and will confirm the alleged shakedown. (*Id.* at 1–2)

The Court finds that Bustinza has not demonstrated that the additional discovery he requests will present grounds to defeat the Defendants' Motion.

First, as to the retaliatory-assault claim against Sgt. Delgado, no additional discovery will undermine the legal grounds that support dismissal of the claim. As explained in the Report and Recommendation, Bustinza's allegations, accepting them as true, do not allege a constitutional violation of his rights that could support a retaliation claim. No additional discovery will alter this analysis, and Bustinza's request for such discovery fails. *See, e.g., Brazos Valley Coal. for Life*,

---

[1] The Court previously indicated that it would consider Bustinza's Motion of Notice to Judge of Non-Compliance by Defendants and Stay of R and R till Proper Discovery or Extension (Doc. 195) as objections to the Report and Recommendation. (Order, Doc. 197)

*Inc. v. City of Bryan, Tex.*, 421 F.3d 314, 327 (5th Cir. 2005) ("Appellants do not even attempt to show, nor can we readily imagine, how any additional discovery would have been necessary to answer these purely legal questions."); *Rosas v. U.S. Small Bus. Admin.*, 964 F.2d 351, 359 (5th Cir. 1992) ("As the issues to be decided by the district court were purely legal in nature, the court did not abuse its discretion in deciding the summary judgment motion prior to completion of discovery.").

      Second, with respect to the shakedown claim against C.O. Rodriguez, the requested discovery is unlikely to create a genuine issue of material fact. The Defendants already have produced substantial jail records, including Bustinza's entire prisoner file, and have provided those records to Bustinza. (*See, e.g.,* Notices of Compliance, Docs. 132, 163; Notice, Doc. 191) In his Response, Bustinza points to no document within his file in support of his claims. Instead, he conjectures that sworn statements from officials and recordings of security camera footage will uncover unspecified evidence of wrongdoing. This request amounts to an unwarranted fishing expedition. At best, Bustinza claims that the security camera footage will show him waiving grievances in the air. But even if that assertion is true, a video of Bustinza waiving a "grievance" at a camera would not be evidence of his having filed any grievances, much less evidence that either defendant acted in retaliation for Bustinza having filed a grievance. His claim would still be subject to summary judgment for failure to raise a genuine issue of material fact as to essential elements of his cause of action. The Court concludes that no grounds support Bustinza's request for additional discovery. *See, e.g., Krim v. BancTexas Grp., Inc.*, 989 F.2d 1435, 1443 (5th Cir. 1993) (affirming the denial of additional discovery because the plaintiff "did not state *how* further discovery would have aided his cause of action, and thus, he has failed to demonstrate that further discovery would be anything other than a 'fishing expedition.'" (emphasis in original)).

**III.**

For the reasons previously indicated, the Court **OVERRULES** Bustinza's objections and **ADOPTS** the Report and Recommendation (Doc. 192).  It is:

**ORDERED** that Defendant Sgt. Delgado and Defendant C.O. Rodriguez's Motion for Judgment on the Pleadings & in the Alternative Motion for Summary Judgment (Doc. 175) is **GRANTED** as indicated in this Order and the adopted Report and Recommendation;

**ORDERED** that Plaintiff Rogelio Roel Bustinza's cause of action for retaliation in relation to his allegedly being assaulted by inmates is **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted; and

**ORDERED** that summary judgment is granted in favor of C.O. Rodriguez as to Plaintiff Rogelio Roel Bustinza's cause of action regarding the alleged shakedown of his cell, and this cause of action is **DISMISSED WITH PREJUDICE**.

The Court will separately issue a Final Judgment in accordance with this Order.

Signed on April 13, 2022.

_____
Fernando Rodriguez, Jr.
United States District Judge